UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| RALPH NESBITT, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WELLPATH, )<br>)<br>Defendant. )<br>) | Civil Action No.<br>20-12126-FDS |

**MEMORANDUM AND ORDER**

**SAYLOR, C.J.**

For the reasons set forth below, the motion for appointment of counsel is denied without prejudice. If Nesbitt wishes to proceed with this lawsuit, a complaint must be filed along with a motion for leave to proceed *in forma pauperis* and a certified copy of his prison account statement. Any such complaint will be subject to preliminary screening pursuant to 28 U.S.C. §§ 1915(e), 1915A.

**I.    Background**

On November 27, 2020, Ralph Nesbitt, an inmate in custody at the Old Colony Correctional Center, filed a *pro se* motion for the appointment of counsel. Docket No. 1.[1] It appears that Nesbitt may have intended to file his motion in state court because (1) the motion identifies the pleading as filed in the Plymouth Superior Court of the Commonwealth of Massachusetts; and (2) the motion is brought under Mass. Gen. Laws ch. 258. *Id.* With his motion, Nesbitt filed an affidavit in support of his motion for appointment of counsel. Docket

---

[1] The clerk entered the motion on the docket as complaint/and motion for the appointment of counsel. *See* Docket No. 1.

No. 2. Nesbitt "seeks monetary damages for the Plaintiff in compensation for the Plaintiff's continuous pain and suffering and emotional distress caused by gross negligence and inadequate medical care." *Id.*

## II. Discussion

Under the Federal Rules of Civil Procedure, only a properly-filed complaint can commence a civil action. *See* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."); Fed. R. Civ. P. 3 Advisory Committee's Note, 1937 adoption ("This rule provides that the first step in an action is the filing of the complaint."). Here Nesbitt has not filed a complaint. The only documents he filed are a motion for appointment of counsel and supporting affidavit. If he wishes to proceed with this action, he must file a complaint.

As to Nesbitt's motion for appointment of counsel, there is no constitutional right to a free lawyer in a civil case. *DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir.1991); *Cookish v. Cunningham*, 787 F.2d 1, 2 (1st Cir.1986). However, the court may request an attorney to represent any person unable to afford counsel. 28 U.S.C. § 1915(e)(1). Here, Nesbitt has not sought, nor been granted, leave to proceed *in forma pauperis*. In addition to financial eligibility, a litigant must provide sufficient reasons why the court should exercise its discretion to appoint counsel in this case. *See DesRosiers*, 949 F.2d at 24 (noting that a plaintiff must demonstrate that he is indigent and that exceptional circumstances warrant the appointment of counsel).

Accordingly, Nesbitt's motion for appointment of counsel will be denied without prejudice and he will be provided with an opportunity to file a complaint with a motion for leave to proceed *in forma pauperis* and a certified copy of his prison account statement. Unlike other civil litigants, prisoner plaintiffs are not entitled to a complete waiver of the filing fee, notwithstanding the grant of *in forma pauperis* status. Based on the information contained

in the prison account statement, the court will direct the appropriate prison official to withdraw an initial partial payment from the plaintiff's account, followed by payments on a monthly basis until the entire $350.00 filing fee is paid in full.  *See* 28 U.S.C. § 1915(b)(1)-(2).

Any such complaint will be subject to preliminary screening pursuant to 28 U.S.C. §§ 1915(e), 1915A.  Those statutes authorize federal courts to dismiss actions in which a prisoner plaintiff seeks to proceed without prepayment of fees if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  *Id.*  Even if the action is dismissed upon a preliminary screening, *see* 28 U.S.C. §§ 1915(e)(2), 1915A, the plaintiff remains obligated to pay the filing fee, *see McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997) (§ 1915(b)(1) compels the payment of the fee at the moment the complaint is filed).

### III.  Order

For the foregoing reasons,

1. The motion for appointment of counsel (Docket No. 1) is DENIED without prejudice.
2. If Nesbitt wishes to pursue this action, he must, within 35 days from the date of this Memorandum and Order (that is, by March 10, 2021), file (1) a complaint and (2) a motion for leave to proceed *in forma pauperis* accompanied by a certified copy of his prison account statement.  Failure to comply with these directives will likely result in the dismissal of this action.
3. The clerk shall send a copy of this Memorandum and Order to Nesbitt with a blank complaint form and blank application to proceed in district court without prepaying fees or costs.

**So Ordered.**

                                                          /s/ F. Dennis Saylor IV  
                                                          F. Dennis Saylor IV  
                                                          Chief Judge, United States District Court

Dated:  February 3, 2021